**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 9:22-mc-81985-CIV-CANNON-REINHART

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

RAMIREZ JIMENEZ INTERNATIONAL
CPAs,

      Defendant.

**JOINT MOTION TO CONTINUE HEARING AND EXTEND TIME FOR BRIEFING**
**ON THE UNITED STATES' MOTION TO COMPEL**

The United States and Ramirez Jimenez International CPAs ("RJI") jointly move the Court

for an order under Fed. R. Civ. P. 6(b) continuing the briefing deadlines and hearing date for the

United States' Motion to Compel Compliance with Third Party Subpoena. Under Fed. R. Civ. P.

6(b), a court may, "for good cause, extend the time . . . if a request is made, before the original

time or its extension expires."

"A timely motion to extend is reviewed for good cause… and 'should be liberally granted

absent a showing of bad faith . . . or undue prejudice.'" *Lizarazo v. Miami-Dade Corr. & Rehab.*

*Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (citing *United States v. Miller Bros. Const. Co.,* 505

F.2d 1031, 1035 (10th Cir. 1974)). For the reasons set forth below, good cause exists to grant the

relief requested:

1.      This discovery dispute arises out of a separate case, *Celia R. Clark v. United States*

*of America*, No. 9:21-cv-82056 (the "Clark case"), which is also before this Court.

1

2.      On May 23, 2022, the United States issued a subpoena related to the Clark case commanding RJI to produce documents by June 27, 2022.

3.      On December 12, 2022, the United States filed a motion to compel compliance with the subpoena in the Central District of California, as required by Fed. R. Civ. P. 37(a)(2). RJI then requested to transfer the motion to the issuing court, as permitted by Fed. R. Civ. P. 45(f), and the United States agreed to stipulate to this transfer. On December 28, 2022, the Central District of California entered an order transferring the motion to this Court.

4.      RJI has represented to the United States that RJI contends that RJI's relationship with Celia R. Clark, the plaintiff in the Clark case, in many instances, was undertaken pursuant to *United States v. Kovel*, 296 F.2d 918, 920 (2d Cir. 1961), and therefore, the attorney-client privilege precludes production of many, if not most, of the documents the United States seeks.

5.      Clark has also asserted the attorney-client privilege over documents responsive to the United States' discovery requests issued in the Clark case. The parties to the Clark case dispute whether Clark's privilege assertions are proper, and the Court scheduled a discovery hearing for January 20, 2023, specifically focused on the applicability of attorney-client privilege and work product protection to communications in the Clark case.

6.      The parties agree that the Court's ruling on the issues raised at the January 20, 2023 hearing will, at the very least, provide strong guidance on how each should proceed with respect to the motion to compel and, at most, could resolve certain privilege issues raised by RJI altogether.

7.      Accordingly, there is good cause to continue the hearing on the United States' motion to compel because some or all of the disagreements between the parties may be rendered moot by this Court's rulings in the upcoming privilege hearing for the Clark case. Continuing the

2

hearing will likely conserve the Court's scarce resources by narrowing the issues before the Court on the motion to compel.

8.      Counsel for Clark represented that Clark also agrees with the relief requested in this Motion.

For this good cause shown, the parties respectfully request that the Court:

a.  Order RJI to file any response or opposition to the motion to compel by January 27, 2023;

b.  Order the United States to file any reply by February 1, 2023; and

c.  Order that the hearing be continued to February 3, 2023, or a date thereafter, as the Court's schedule permits.

{SIGNATURE PAGE FOLLOWS}

Dated: January 10, 2023                    Respectfully submitted,

|  |  |  |
|---|---|---|
| | **DAVID A. HUBBERT**<br>**Deputy Assistant Attorney General** | **PARKER, MILLIKEN, CLARK, O'HARA**<br>**& SAMUELIAN** |
| By: | */s/ Elisabeth K. Kryska*<br>**Elisabeth K. Kryska**<br>Fla. Special Bar No. A5502987<br>Elisabeth.K.Kryska@usdoj.gov<br>**Lauren A. Darwit**<br>Fla. Special Bar No. A5502814<br>Lauren.A.Darwit@usdoj.gov<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>P.O. Box 7238<br>Washington, D.C.  20044<br>Telephone:     (202) 305-6717<br>Facsimile:     (202) 514-6770 | */s/Joseph Wohrle  (with permission – EK)*<br>**Richard D. Robins, Esq., SBN 77923**<br>rrobins@pmcos.com<br>**Joseph P. Wohrle, SBN 143550**<br>jwohrle@pmcos.com<br>555 South Flower Street, 30th Floor<br>Los Angeles, California 90071-2440<br>Telephone:     (213) 683-6500<br>Facsimile:     (213) 683-6669<br>Facsimile: (954) 688-2492<br><br>*Attorneys for Defendant* |

*Of Counsel:*
   JUAN ANTONIO GONZALEZ
   United States Attorney
   Southern District of Florida

*Attorneys for Plaintiff*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 10, 2023, I filed the foregoing document with this Court's Case Management and Electronic Case Filing system, and caused the document to be delivered via email to the following:

**Richard D. Robins**
rrobins@pmcos.com
**Joseph P. Wohrle**
jwohrle@pmcos.com

*Attorneys for Defendant*

*/s/ Elisabeth K. Kryska*
ELISABETH K. KRYSKA
Trial Attorney, Tax Division
United States Department of Justice
