**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 9:22-mc-81985-CIV-CANNON-REINHART

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

RAMIREZ JIMENEZ INTERNATIONAL
CPAs,

      Defendant.

**JOINT MOTION TO EXTEND TIME FOR BRIEFING**
**ON THE UNITED STATES' MOTION TO COMPEL**

The United States and Ramirez Jimenez International CPAs ("RJI") jointly move the Court for an order under Fed. R. Civ. P. 6(b) continuing the briefing deadlines and hearing date for the United States' Motion to Compel Compliance with Third Party Subpoena. Under Fed. R. Civ. P. 6(b), a court may, "for good cause, extend the time . . . if a request is made, before the original time or its extension expires."

"A timely motion to extend is reviewed for good cause… and 'should be liberally granted absent a showing of bad faith . . . or undue prejudice.'" *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (citing *United States v. Miller Bros. Const. Co.,* 505 F.2d 1031, 1035 (10th Cir. 1974)). For the reasons set forth below, good cause exists to grant the relief requested:

1.      This discovery dispute arises out of a separate case, *Celia R. Clark v. United States of America*, No. 9:21-cv-82056 (the "Clark case"), which is also before this Court.

1

2. On May 23, 2022, the United States issued a subpoena related to the Clark case commanding RJI to produce documents by June 27, 2022.

3. On December 12, 2022, the United States filed a motion to compel compliance with the subpoena in the Central District of California, as required by Fed. R. Civ. P. 37(a)(2). RJI then requested to transfer the motion to the issuing court, as permitted by Fed. R. Civ. P. 45(f), and the United States agreed to stipulate to this transfer. On December 28, 2022, the Central District of California entered an order transferring the motion to this Court.

4. After the United States filed its motion to compel, RJI represented to the United States that RJI contends that RJI's relationship with Celia R. Clark, the plaintiff in the Clark case, was undertaken pursuant to *United States v. Kovel*, 296 F.2d 918, 920 (2d Cir. 1961). Thus, RJI contends that the attorney-client privilege precludes production of many if not most of the documents the United States seeks. The specific documents over which RJI claims privilege are unknown because RJI has not produced a privilege log.

5. Clark has also asserted the attorney-client privilege over documents responsive to the United States' discovery requests issued in the Clark case. The parties to the Clark case dispute whether Clark's privilege assertions are proper, and the Court scheduled a discovery hearing for January 20, 2023, specifically focused on the applicability of attorney-client privilege and work product protection to communications in the Clark case.

6. The Court conducted the discovery hearing on January 20, 2023, but did not rule on the applicability of attorney-client privilege and work product protection to communications in the Clark case. Instead, the Court ruled that by February 3, 2023, the Government may file a legal brief regarding waiver of attorney-client privilege, and that Clark shall have two weeks to file a response. (ECF Doc. 75)

7.      The parties agree that the Court's ruling on the issues raised at the January 20, 2023 hearing will, at the very least, provide strong guidance on how each should proceed with respect to the motion to compel and, at most, could resolve certain privilege issues raised by RJI altogether.

8.      Meanwhile, RJI has commenced a search for documents that are responsive to the United States' subpoena commanding RJI to produce documents that is mentioned in paragraph 2 above. Also, RJI has reviewed the 165 documents previously produced to the United States by Clark in the Clark case.

9.  RJI has agreed that by February 10, 2023:

a.  RJI will conduct a review of all documents responsive to the subpoena (having confirmed that "documents" includes emails as well as client files and other types of documents);

b.  RJI will produce to the United States a privilege log of any documents over which RJI claims an independent (*i.e.*, non-*Kovel* related) privilege; and

c.  RJI will produce to counsel for Ms. Clark all non-privileged documents, and a privilege log for all documents that RJI considers privileged based on Ms. Clark and RJI's contention that they had a *Kovel* arrangement. The United States understands that RJI's counsel defers to Ms. Clark to make a final determination as to what is privileged under this arrangement, consistent with the considerations set forth in paragraphs 10 and 11 hereof.  Ms. Clark's counsel will then produce the documents and privilege log to the United States by February 17, 2023.

10.      Should RJI reasonably determine, based on, for example, the quantity of documents to be reviewed or the difficulty in accessing documents that it cannot complete either its review of

3

all documents responsive to the subpoena or produce to the United States the aforementioned privilege log, RJI's counsel shall so inform counsel for the United States in writing, and the United States, if requested, shall entertain reasonably RJI's request for additional time to accomplish its review, produce aforementioned privilege log, and/or file any response or opposition, including objections relating to the now-pending motion to compel in this action.

11.     Accordingly, there is good cause to continue pending briefing on the United States' motion to compel (*i.e.*, RJI's time to file any response or opposition, and United States' time to file any reply) because some or all of the disagreements between the parties may be rendered moot by:  (a) RJI's review and production of documents and a privilege log in accordance with paragraphs 9 and 10 hereof, and/or (b) this Court's rulings on discovery issues in the Clark case. Continuing the briefing deadlines will likely conserve the Court's scarce resources by narrowing the issues before the Court on the motion to compel.

12.     Counsel for Clark represented that Clark also agrees with the relief requested in this Motion.

13.     Therefore, for this good cause shown, the parties respectfully request that the Court:

a.  Order that RJI's time to file any response or opposition to the motion to compel, currently January 27, 2023, shall be continued to 14 days after the Court rules on the applicability of attorney-client privilege and work product protection to communications in the Clark case (*see* ECF Nos. 74-75); and

b.  Order the United States to file any reply seven days after RJI's response or opposition is due.

Dated: January 27, 2023                         Respectfully submitted,

**DAVID A. HUBBERT**
**Deputy Assistant Attorney General**

By:    */s/ Elisabeth K. Kryska*
       **Elisabeth K. Kryska**
       Fla. Special Bar No. A5502987
       Elisabeth.K.Kryska@usdoj.gov
       **Lauren A. Darwit**
       Fla. Special Bar No. A5502814
       Lauren.A.Darwit@usdoj.gov
       Trial Attorneys, Tax Division
       U.S. Department of Justice
       P.O. Box 7238
       Washington, D.C.  20044
       Telephone:    (202) 305-6717
       Facsimile:    (202) 514-6770

   *Of Counsel:*
       JUAN ANTONIO GONZALEZ
       United States Attorney
       Southern District of Florida


*Attorneys for Plaintiff*

**PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN**

*/s/ Joseph Wohrle*
**Richard D. Robins, Esq., Calif. SBN 77923**
rrboins@pmcos.com
**Joseph P. Wohrle, Calif. SBN 143550**
jwohrle@pmcos.com
555 South Flower Street, 30th Floor
Los Angeles, California 90071-2440
Telephone:    (213) 683-6500
Facsimile:    (213) 683-6669
Facsimile: (954) 688-2492


*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 27, 2023, I filed the foregoing document with this Court's Case Management and Electronic Case Filing system, and caused the document to be delivered via email to the following:

**Richard D. Robins**
rrobins@pmcos.com
**Joseph P. Wohrle**
jwohrle@pmcos.com

*Attorneys for Defendant*

*/s/ Elisabeth K. Kryska*
ELISABETH K. KRYSKA
Trial Attorney, Tax Division
United States Department of Justice
